UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **IN RE: JOHNSON & JOHNSON TALCUM POWDER PRODUCTS MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | MDL NO. 2738 (MAS) (RLS) <br> JUDGE MICHAEL A. SHIPP <br> MAGISTRATE JUDGE RUKHSANAN L. SINGH |
| ELIZABETH ASHLEY PRATHER, an individual, | COMPLAINT AND JURY DEMAND |
| Plaintiff, | Civil Action No.: _____ |
| v. | DIRECT FILED ACTION |
| JOHNSON & JOHNSON; | |
| JOHNSON & JOHNSON HOLDCO (NA), INC., f/k/a Johnson & Johnson Consumer Inc., individually and as successor in interest to Johnson & Johnson subsidiary "Old JJCI"; | |
| LLT MANAGEMENT, LLC, f/k/a LTL MANAGEMENT, LLC; | |
| KENVUE INC., individually and as successor in interest to Johnson & Johnson Consumer Inc.; | |
| JANSSEN PHARMACEUTICALS, INC., individually and as successor in interest to Johnson & Johnson subsidiaries named Johnson & Johnson Consumer Inc., both prior to and after its 2021 restructurings and colloquially known as "Old JJCI" and "New JJCI"; | |

1

| |
|---|
| JOHN DOE CORPORATIONS 1-50 |
| Defendants. |

# SHORT FORM COMPLAINT AND JURY DEMAND

The Plaintiff named below files this *Short Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Master Long Form Complaint* in *In re: Talcum Powder Products Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 2738 in the United States District Court for the District of New Jersey. Plaintiff files this Short Form Complaint as permitted by Case Management Order No. 1 of this Court.

In addition to those causes of action contained in *Plaintiffs' Master Long Form Complaint*, where certain claims require specific pleadings and/or amendments, Plaintiff shall add and include them herein.

## IDENTIFICATION OF PARTIES

**Identification of Plaintiffs**

1. Name of individual injured due to the use of talcum powder products:

ELIZABETH ASHLEY PRATHER

2. At the time of the filing of the specific case, Plaintiff is a citizen of: New York

3. Consortium Claim: The following individual alleges damages for loss of consortium: <u>Not Applicable</u>

4. Survival and/or Wrongful Death Claims:

Name and residence of Decedent when she suffered the talcum powder products related death: <u>Not Applicable</u>

5. Plaintiff was born on <u>May 8, 1977</u> and died on <u>Not Applicable</u>

6. Plaintiff is filing this case in a representative capacity: <u>Not Applicable</u>

7. As a result of using talcum powder products, Plaintiff suffered personal and economic injuries that are alleged to have been caused by the use of the products identified in Paragraph 16 below, but not limited to, the following:

<u>    X    </u> injury to herself

<u>         </u> injury to the person represented

<u>         </u> wrongful death

<u>         </u> survivorship action

<u>    X    </u> economic loss

<u>         </u> loss of services

<u>         </u> loss of consortium

<u>         </u> other: <u>                              </u>

3

**Identification of Defendants**

8.  Plaintiff is suing the following Defendants (please check all that apply)[1]:

    ☒  Johnson & Johnson

    ☐  Johnson & Johnson Consumer Inc.

    ☐  Imerys Talc America, Inc. ("Imerys Talc")

    ☐  Personal Care Products Council ("PCPC")

**Additional Defendants:**

☒  Other Defendants (please specify): 1) JOHNSON & JOHNSON HOLDCO (NA), INC., f/k/a Johnson & Johnson Consumer Inc., individually and as successor in interest to Johnson & Johnson subsidiary "Old JJCI"; 2) LLT MANAGEMENT, LLC, f/k/a LTL MANAGEMENT, LLC; 3) KENVUE INC., individually and as successor in interest to Johnson & Johnson Consumer Inc.; 4) JANSSEN PHARMACEUTICALS, INC., individually and as successor in interest to Johnson & Johnson subsidiaries named Johnson & Johnson Consumer Inc., both prior to, and after its 2021 restructurings and colloquially known as "Old JJCI" and "New JJCI"; and 5) JOHN DOE CORPORATIONS 1-50

---

[1] If additional Counts and/or Counts directed to other Defendants are alleged by the specific Plaintiff as to whom this *Short Form Complaint* applies, the specific facts supporting these allegations must be pleaded by the Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure, and the Defendants against whom they are alleged must be specifically identified on a separate sheet of paper attached to this *Short Form Complaint*.

## JURISDICTION & VENUE

**Jurisdiction:**

9. Jurisdiction in this Short Form Complaint is based on:

⊠ Diversity of Citizenship

☐ Other (The basis of any additional ground for jurisdiction must be pled in sufficient detail as required by the applicable Federal Rules of Civil Procedure).

**Venue:**

10. District Court and Division (if any) in which venue was proper where you might have otherwise filed this Short Form Complaint absent the direct filing Order entered by this Court and to where remand could be ordered by the Judicial Panel for trial: <u>Southern District of New York and District of New Jersey</u>

## CASE SPECIFIC FACTS

11. Plaintiff currently resides in City, State: <u>Smallwood, New York</u>

12. At the time of the Plaintiff's diagnosis with a talcum powder products injury, Plaintiff resided in City, State: <u>Park Ridge, New Jersey</u>

13. The Plaintiff was diagnosed with a talcum powder products injury in City, State: <u>Montvale, New Jersey</u> on <u>June 26, 2020.</u>

14. To the best of Plaintiff's knowledge, Plaintiff began using talcum powder products on or about the following date: <u>approximately 1977</u> and continued the use

of talcum powder products through about the following date: <u>June 29, 2020</u>

15. The Plaintiff purchased talcum powder products in the following State(s): <u>NY, TX, PN, CA, MO, NJ</u>

16. Plaintiff used the following talcum powder products:
    - ☒ Johnson & Johnson's Baby Powder
    - ☐ Shower to Shower

## CAUSES OF ACTION

17. Plaintiff hereby adopts and incorporates by reference the *Master Long Form Complaint and Jury Demand* as if fully set forth herein.

18. The following claims and allegations asserted in the Master *Long Form Complaint and Jury Demand* are herein adopted by reference by Plaintiff:

    - ☐ Count I: Products Liability – Strict Liability – Failure to Warn (Against Imerys Talc)

    - ☒ Count II: Products Liability – Strict Liability – Failure to Warn (Against All Defendants)

    - ☐ Count III: Products Liability – Strict Liability – Defective Manufacturer and Design (Against Imerys Talc)

    - ☒ Count IV: Products Liability – Strict Liability – Defective Manufacturer and Design (Against All Defendants)

    - ☒ Count V: Breach of Express Warranties (Against All Defendants)

☒ Count VI:  Breach of Implied Warranty of Merchantability (Against All Defendants)

☒ Count VII:  Breach of Implied Warranty of Fitness for a Particular Purpose (Against All Defendants)

☐ Count VIII:  Negligence (Against Imerys Talc)

☒ Count IX:  Negligence (Against All Defendants)

☐ Count X:  Negligence (Against PCPC)

☒ Count XI:  Negligent Misrepresentation (Against All Defendants)

☒ Count XII:  Fraud (Against All Defendants)

☐ Count XIII:  Fraud (Against PCPC)

☒ Count XIV:  Violation of State Consumer Protection Laws of the States of New York, New Jersey, Texas, Pennsylvania, California, Missouri (Against All Defendants)

☐ Count XV:  Fraudulent Concealment (Against Imerys Talc)

☒ Count XVI:  Fraudulent Concealment (Against All Defendants)

☐ Count XVII:  Fraudulent Concealment (Against PCPC)

☒ Count XVIII:  Civil Conspiracy (Against All Defendants)

☐ Count XIX:  Loss of Consortium (Against All Defendants)

☒ Count XX:  Punitive Damages (Against All Defendants)

☒ Count XXI:  Discovery Rule and Tolling (Against All Defendants)

☐ Count XXII:  Wrongful Death (Against All Defendants)

☐      Count XXIII:  Survival Action (Against All Defendants)

☐      Furthermore, Plaintiff asserts the following additional theories and/or State Causes of Action against Defendants identified in Paragraph nine (9) above. If Plaintiff includes additional theories of recovery, to the extent they require specificity in pleadings, the specific facts and allegations supporting these theories must be pled by Plaintiff in a manner complying with the requirements of the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants of compensatory damages, punitive damages, interest, costs of suit, and such further relief as the Court deems equitable and just, and as set forth in the Master Long Form Complaint as appropriate.

### JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

Dated:  July 23, 2024                Respectfully Submitted by,

By: s/ Anthony J. Harwood
    Anthony J. Harwood
    Harwood Law PLLC
    260 Madison Avenue, Floor 16
    New York, NY 10016
    (212) 867-6820
    tony.harwood@aharwoodlaw.com